**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 99-31156
(Summary Calendar)
_____

EDWARD WILSON,

Plaintiff-Appellant,

versus

CAPITAL TRANSPORTATION CORP.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(97-922-C-M3)
_____

September 15, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM*:

In this appeal from the dismissal of his employment discrimination suit, asserted under the Americans with Disabilities Act ("ADA"),[1] Plaintiff-Appellant Edward Wilson asks us to reverse the district court's grant of summary judgment in favor of

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

[1] 42 U.S.C. § 12101 et seq.

1

Defendant-Appellee Capital Transportation Corp. ("CTC").[2] Wilson complains that the district court erred in concluding that, under the applicable ADA standards, he failed to produce sufficient evidence that CTC regarded him as disabled by virtue of obesity, and that his failure to request an accommodation was fatal to his reasonable accommodation claim.

In our de novo review of this summary judgment case, we have carefully reviewed the facts as revealed by the record on appeal and the appellate briefs and record excerpts filed by the parties, including the ruling of the district court. We are satisfied that the district court's judgment dismissing Wilson's action is free of error. We therefore affirm for essentially the reasons set forth by the district court in denying Wilson's threshold claim that CTC regarded him as disabled. Because that issue is dispositive, we decline to address Wilson's accommodation claim.

To survive summary judgment on his ADA claim as he presented it, Wilson first must produce evidence that CTC regarded him as having an impairment that substantially limited one or more major life activities.[3] On appeal, Wilson asserts this claim regarding two activities: driving and working. Because we decline Wilson's

---

[2]By consent of the parties, judgment was entered by a magistrate judge.

[3]See, e.g., Talk v. Delta Airlines, Inc., 165 F.3d 1021, 1024 (5th Cir. 1999).

invitation to classify driving a major life activity,[4] we must determine whether he has produced evidence that CTC considered him substantially limited in the major life activity of working.

At most, Wilson has shown that CTC considered him unable to operate safely some, but not all, of its buses during a time when the company found that his girth kept the steering wheel from turning freely and prevented him from turning the steering wheel in the proper manner. CTC considered Wilson capable at all times of driving its newer buses and offered to rehire him 13 months after he was placed on unpaid leave. During that time Wilson had reduced his weight from 449 to 356 pounds, and CTC found that his size no longer interfered with the proper operation of the steering wheels.

As this court held in Chandler v. City of Dallas, "[a]n employer's belief that an employee is unable to perform one task with an adequate safety margin does not establish per se that the employer regards the employee as having a substantial limitation on

---

[4]Driving may be ubiquitous in our society, but we are not prepared to hold today that driving is a major life activity for ADA purposes: it is not on the non-exhaustive list of major life activities (including walking, seeing, and breathing) in the EEOC regulations, 29 C.F.R. § 1630.2(i), and the Second and Fourth Circuits have found that driving is not a major life activity. See Colwell v. Suffolk County Police Dep't, 158 F.3d 635, 643 (2d Cir. 1998), cert. denied, 526 U.S. 1018 (1999); Wyland v. Boddie-Noell Enters., Inc., 165 F.3d 913, 1998 WL 795173, at *2 n.* (4th Cir. 1998) (unpublished opinion). For the purposes of this case, driving and working are synonymous, and the analysis applied to the major life activity of working resolves Wilson's claim as to driving, as well.

his ability to work in general."[5]  The term "substantial limitation" refers to an inability to perform a class or broad range of jobs.[6]  "Evidence of disqualification from a single position or narrow range of jobs will not support a finding that an individual is substantially limited from the major life activity of working."[7]

Wilson simply has failed to present sufficient summary judgment evidence to establish that, within the intendment of the ADA, CTC regarded him as substantially limited in the major life activity of working, or even from performing a class or range of jobs that require driving.  Therefore, the district court's judgment is

AFFIRMED.

---

[5]2 F.3d 1385, 1393 (5th Cir. 1993).  The court in <u>Chandler</u> was construing the Rehabilitation Act, 29 U.S.C. §§ 701-796, which defines an individual with a disability in substantially the same terms in which the ADA defines a disability.

[6]<u>See</u> 29 C.F.R. § 1630.2(j)(3)(i); <u>Zenor v. El Paso Healthcare Sys., Ltd.</u>, 176 F.3d 847, 860 (5th Cir. 1999); <u>Foreman v. Babcock & Wilcox Co.</u>, 117 F.3d 800, 805 (5th Cir. 1997).

[7]<u>Sherrod v. American Airlines, Inc.</u>, 132 F.3d 1112, 1120 (5th Cir. 1998).